*Ward & Henry, for appellant.*

*D. T. Towles, for appellee.*

---

JAMES S. HAND *v.* FRITSCH, BUCKHARDT & CO.

[Abstract Kentucky Law Reporter, Vol. 7—440.]

**Sale of Land Before Attached by Creditor.**

Where a debtor sells and conveys his land before an attachment is served on the land, the purchaser having both the title and possession before the judgment was rendered, it is necessary, before subjecting the land, to make him a party and allege and show that the sale and conveyance to him were fraudulent.

APPEAL FROM PENDLETON CIRCUIT COURT.

December 3, 1885.

Opinion by Judge Lewis:

This action was brought by appellees, Fritsch, Buckhardt & Co., against A. L. Race, William Hanson and Lawson Race to recover personal judgment on four promissory notes, three for $750 and one for $650, which it is alleged in the petition were given for a steam saw and grist mill, A. L. Race being the principal and the other two sureties on the notes.

It being stated in the petition that A. L. and Lawrence Race were insolvent, and that Hanson was about to convey or otherwise dispose of his property with the fraudulent intent to cheat, hinder and delay his creditors, an attachment was obtained at the commencement of the action, and July 2, 1877, levied on the two tracts of land of one hundred and one hundred and sixty-one acres, as the property of Hanson, and on one yoke of cattle and the steam mill as the property of A. L. Race, the mill being located on one of the tracts of land mentioned.

At the November term, 1877, Hanson filed an answer making defense to the notes sued on, and also controverted the grounds of the attachment. A general demurrer was sustained to the answer, but from that judgment an appeal was prosecuted to this court and it was reversed. Subsequently the answer was filed, though Hanson did not thereafter make any further defense.

At the June term, 1878, the following order was made: "Came defendants by counsel and objected by demurrer to the amended petition herein and the demurrer is sustained. On motion of the plaintiffs' attorney the cause is discontinued as to Henry Bullock and James S. Hand." But the amended petition referred to in the order is not (according to the clerk's note) among the papers.

Subsequently, at the October term, 1878, an amended petition was filed in which appellant, Hand, was made a party defendant. In that amended petition it was alleged substantially that July 2, 1877, the day the original petition was filed and the attachment issued, Hanson sold and conveyed the land levied on under the attachment to appellant, Hand, after the attachment was issued and placed in the hands of the officer; that the sale and conveyance was made with the fraudulent intent to cheat and deprive the plaintiffs of the means of collecting their debt, and that Hand knew the sale was made to him with the intent by Hanson to avoid the payment of the debts sued on.

In his answer Hand denies each of the allegations in the peti-
tion and amended petition, and the issue being thus made and proof
taken at the October term, 1882, judgment was rendered against
the three obligors in the notes sued on and for a sale of so much
of the two tracts of land levied on, which Hanson sold and con-
veyed to Hand, as may be sufficient to satisfy the balance unpaid
of the debts.   From that judgment Hand has appealed.

The first question we will consider is what is the effect of the
order made at the June term, 1878, on motion of plaintiffs' attor-
neys discontinuing the cause as to appellant, Hand.   Appellant,
Hand, was not made a party by the pleadings to the action pre-
vious to the order of June, 1878.   The only reference to him in the
proceeding had before that time was in the following return of
the officer in the order of attachment:  "This order of attachment
executed on Henry Bullock and J. S. Hand July 2, 1878, by de-
livering to each one of them a copy hereof."

The sale and conveyance of the land from Hanson, the debtor,
to the appellant, Hand, was made the same day, at the county seat,
that the action was commenced and the attachment was issued and
levied.   But whether the order was served on Hand before he com-
pleted his purchase does not clearly appear, but it is manifest he
was not then in possession of the land.   It seems to us, therefore,
that as Hand has not been made a party, nor the sale of the land
by Hanson to him attached as fraudulent, he was before the court
at the June term, 1878, merely in virtue of the service of the order
of attachment, and was required to answer, if at all, merely as
garnishee, and as the sale and conveyance by Hanson to him had
not then been attacked, manifestly the land could not have been
then subjected to the plaintiffs' debt.   The effect of the order of
discontinuance as to Hand at the June term, 1878, was we think
simply to release him as garnishee, for he was responsible as such,
having paid to Hanson a portion if not all the purchase-money for
the land after July 2, 1877.

A lien was created on the property upon which the attachment
was levied, and, as held by this court heretofore, that gave the
court jurisdiction over it.   But discontinuing the cause at that time
did not have the effect to discharge the attachment on the land, the
efficacy of which depended upon the creditor recovering a judg-
ment for his debt and sustaining the grounds of the attachment.

But as Hand had the title as well as the possession before the judgment was rendered it was necessary before subjecting the land to make him a party and allege and show that the sale and conveyance to him was fraudulent. It was therefore proper to permit the amended petition to which he was made a party to be filed at the October term, 1878. Hanson seems to have made no further defense to the action after filing his answer and controverting the ground of the attachment. In our opinion there can be no question as far as he is concerned that the sale of the land was made to Hand for the fraudulent purpose of cheating, hindering and delaying his creditors.

The two other obligors in the notes were known to him to be insolvent, and he knew that he would not merely have all the debt to pay over and above the value of the steam mill, for which they were given, but that the obligees were about to bring their action, for the sale and conveyance, which left him insolvent was made the same day the suit was brought, the consideration for which he sold the land being greatly less than it was worth and $1,000 less than he had been a short time before offered for it.

Appellant, Hand, resided within less than one mile of the parties, and had known the land for forty years, and a witness introduced by him testifies that he was informed by him that Hanson was bound on the notes to plaintiff and would have to pay them, the other parties being insolvent. It seems to us satisfactorily established that appellant, Hand, knew the purpose of Hanson in selling the land to him was fraudulent, and that induced by the low price at which he was buying the land he purchased it with knowledge that the effect would be to render Hanson insolvent and defeat appellees in the collection of their debt. The court therefore properly subjected the land to the payment of the balance unpaid of the notes.

We think, however, that the five acres upon which the mill stood should have been first subjected, but as it has been sold by Race with the permission of appellees the notes should be credited at the date of the judgment by the amount for which he sold it. For this error the judgment is reversed and cause remanded with directions to thus credit the notes before selling the land.

Judgment *reversed*.

*Duncan & Barker, for appellant.*

*John H. Fryer, for appellees.*